# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| NIKOLAS A. TROBAUGH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:08-CV- 372 WL |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Nikolas A. Trobaugh, a *pro se* prisoner, filed this *habeas corpus* petition to challenge a prison disciplinary proceeding. (Petition for Writ of Habeas Corpus, DE 1). The respondent has complied with the order to show cause (Response to order to Show Cause, DE 4) and submitted a supporting memorandum (Memorandum in Support of Response to Order to Show Cause, DE 5) with the state administrative record. Trobaugh filed a traverse. (Traverse to Response to order to Show Cause, DE 7). This case is now ripe for ruling.

## FACTUAL SUMMARY

At issue is the Indiana State Prison's ("ISP") Disciplinary Hearing Board's ("DHB's") April 14, 2008, determination that Trobaugh committed a Class A, battery (code 102) upon another prisoner, in case number ISP 08-04-0088. This prison disciplinary offense involves either "committing battery upon another person with a weapon . . . or inflicting serious injury."

The April 7, 2008, conduct report against Trobaugh states:

On 3/21/08 an investigation was initiated due to injuries found on offender Nicholson 994119. These injuries appear to have been done by a blunt object of some type, possible combination lock. As of this date in the investigation there is sufficient information to charge the above offender with a 102 battery on offender Nicholson. See report of investigation for details.

(DE 5-2 at 1) Troubaugh received a copy of the conduct report the same day it issued.

Moreover, the more detailed investigation report, which the conduct report implicitly incorporates by reference reads:

> On March 21, 2008 at approx. 7:35 pm a 10-10 was called in ACH. It was stated that Nicholson 994119 was standing at the door with a towel on his head. He was blooding (sic) from two separated spots. It appeared to be a fight on the front stairs of ACH.

No eyewitness account of the assault against Nicholson appears in the record.

Trobaugh recognizes the DHB determined the "conduct report is clear & concise . . . . Base[d] on IA case file #08-ISP-074IA, and the offender wounds we find the offender guilty." (DE 5-6). Sanctions imposed upon Trobaugh were the revocation of ninety days earned good time credit and his placement in disciplinary segregation for one year. Trobaugh unsuccessfully appealed the DHB's decision to the Superintendent (DE 5-7 at 2) and Final Reviewing Authority (DE 5-8 at 11).

### DISCUSSION

Trobaugh has a liberty interest in earned good time and before it can be taken away for misconduct he is entitled to basic procedural protections. These minimal, due process requirements are: (1) prior written notice of the charges; (2) an opportunity to present evidence; (3) an impartial decision maker; (4) a written statement of the evidence supporting the disciplinary action and the reasons for it; and (5) "some evidence in the record" to support the finding of guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Trobaugh identifies three (3) grounds that he maintains entitle him to relief: (1) insufficient evidence to support the conviction; (2) an insufficient written statement of the evidence that the DHB used to determine his guilt and the reasons for its decision; and (3) the DHB denied him requested witness statements and review of the security cameras. (DE 1 at 2-5).

Trobaugh maintains the DHB "only reviewed one range camera," when he sought review of "all camera evidence to do with this case." (DE # 1 at 5). While the Respondent acknowledges Trobaugh requested the camera evidence, he argues the DHB honored that request because it reviewed "the relevant surveillance videotapes and prepared a Video Review Form." (DE # 5 at 8). Indeed, at least in part, the DHB expressly based its finding of guilt upon the internal affairs file and "video review." (DE # 5-6 at 1). Although the DHB conducted the disciplinary hearing on April 14, 2008, however, the video review form the three DHB members signed is dated November 14, 2008. (DE # 5-3). Consequently, seven months to the day after it determined Trobaugh's guilt, the record shows the DHB actually reviewed the surveillance video it purportedly relied upon to reach that decision.

Prison disciplinary convictions must be supported by "some evidence." *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999). "Some evidence" is a lenient standard, requiring only that the record not be so devoid of evidence that the decision is arbitrary or without support. Yet, even the limited due process rights afforded a prisoner in disciplinary proceedings require the DHB to review the evidence *before* deciding his guilt. Since the record affirmatively demonstrates that did not happen in this case, it appears the DHB's decision smacks of arbitrariness. Additionally, Trobaugh has shown he was denied the right to introduce relevant, non-repetitive, potentially exculpatory evidence at the hearing.

Since Troubaugh may receive another disciplinary hearing as a result of the Court's determination set forth above, it is unnecessary to address his other asserted grounds for relief.

Therefore, the Court **CONDITIONALLY GRANTS** the writ of habeas corpus on Ground

3

Three set forth in the petition. The Respondent must either give Nickolas A. Trobaugh a new hearing at which the relevant surveillance videotape is examined **OR** restore any earned credit time Nickolas A. Trobaugh lost as a result of this disciplinary incident. The Respondent is **ORDERED** to send proof that he has complied with this order on or before April 13, 2009.

    **SO ORDERED**.

    **ENTERED**: February  9 , 2009.

                                          s/William C. Lee
                                            William C. Lee, Judge,
                                            United States District Court